UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON V. HILL,<br><br>    Plaintiff,<br><br> v.<br><br>M. TYLER, et al.,<br><br>    Defendants. | Case No. 20-cv-04797-YGR (PR)<br><br>**ORDER ADDRESSING PLAINTIFF'S PENDING MOTIONS; DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* WITHOUT PREJUDICE; AND DIRECTING PLAINTIFF TO COMPLETE NON-PRISONER APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*** |

    This case was opened as a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on July 17, 2020 when Plaintiff, a civil detainee, filed a civil rights complaint form in which he complained about conditions at Salinas Valley State Prison ("SVSP"). Dkt. 1. Also on the same date, Plaintiff filed the following: (1) a completed form entitled, "Application to Proceed *In Forma Pauperis* ("IFP") By a Prisoner," from the United States District Court for the Eastern District of California; (2) a motion for appointment of counsel; and (3) a letter entitled, "RE: Pro Se Form Package to the Clerk [of the] Court." Dkts. 2, 3, 4.

    Also on July 17, 2020, the Clerk notified Plaintiff that his application to proceed IFP was not submitted on the "proper form" from this district. Dkt. 5. The Clerk mailed to Plaintiff the Court's prisoner IFP application form and told him that he must complete it within twenty-eight days or his action would be dismissed. *See id.* To date, Plaintiff has not responded to the Clerk's notice.

    In Plaintiff's letter entitled, "RE: Pro Se Form Package to the Clerk [of the] Court," he asks the Court to provide him with forms and instructions on how to "file a *pro se* federal criminal complaint." Dkt. 4 at 1. However, to the extent that Plaintiff's letter is construed as a request to file a criminal complaint, such a request is DENIED. Plaintiff cannot pursue such an action in this Court because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973). Accordingly, Plaintiff's request to file a criminal complaint is DENIED. Dkt. 4.

1    It seems, however, that in Plaintiff's initial filing, he alleges claims challenging his
2    condition of confinement, including a claim of deliberate indifference to his serious medical needs
3    against three prison physicians (Drs. M. Tyler, G. Ramos, and M. Sing[1]) stemming from an
4    incident in May 2020, *see* dkt. 1, and such claims are more properly brought in a civil rights action
5    pursuant to 42 U.S.C. § 1983.  Therefore, because it seems that Plaintiff wishes to pursue a section
6    1983 action, the Court will screen the pending complaint in a separate written Order after Plaintiff
7    files the proper IFP application, as directed below.

      The Court notes that because Plaintiff is a civil detainee, then he is not a "prisoner" subject to the provisions of the Prisoner Litigation Reform Act.  *See Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000).  Therefore, the prisoner IFP application was not the proper form.  Additionally, as mentioned, the record does not include information about any inmate trust account that he had. Non-prisoner status is not the determining factor in whether a litigant will be allowed to proceed as a pauper.  The Court must have information about an applicant's financial wherewithal to decide whether pauper status is appropriate and whether a partial filing fee may be assessed, but Plaintiff's current application does not provide enough information for the Court to make the decision.  Accordingly, his IFP application is DENIED without prejudice because it is incomplete. Dkt. 2.  The Clerk shall send Plaintiff a copy of the Court's non-prisoner IFP application form with a copy of this Order, and Plaintiff shall complete it, as directed below.

      Plaintiff's motion for appointment of counsel is DENIED for want of exceptional circumstances.  *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997); *see also Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981) (there is no constitutional right to counsel in a civil case).  This denial is without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment.

      Finally, it is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

---

[1] The Clerk is directed to correct the spelling of Defendant Sing's last name to "Sing" instead of "St. Ivs," which was how it was originally docketed based on Plaintiff's undecipherable handwriting.

2

Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

## CONCLUSION

For the reasons outlined above, the Court orders as follows:

1. Plaintiff's IFP application is DENIED without prejudice because it is incomplete. Dkt. 2.

2. Plaintiff's request to file a criminal complaint is DENIED. Dkt. 4.

3. Plaintiff's motion for appointment of counsel is DENIED. Dkt. 3.

4. Plaintiff shall file a non-prisoner application to proceed IFP. Plaintiff shall answer all questions in the attached non-prisoner IFP application forms as well as provide any requisite documentation. He shall file his completed non-prisoner IFP application forms within **twenty-eight (28) days** of the date of this Order. As mentioned, if Plaintiff files a completed non-prisoner trust account statement by the deadline, then the Court will review the complaint in a separate written Order. **The failure to file a completed non-prisoner IFP application or pay the full filing fee by the deadline will result in dismissal without prejudice for failure to do so.**

The Court further notes that although a trust account statement is not mentioned on the non-prisoner IFP application form, requiring information about a trust account balance is appropriate for someone who is in custody and is having some or all of his basic needs met. Thus, Plaintiff should note that the question regarding whether he has a bank account should be completed to indicate any funds he has in any trust account maintained for him at the institution where he is currently detained. Plaintiff must inform the Court of any such account he has at the facility.

5. The Clerk is directed to send Plaintiff blank non-prisoner IFP application form.

6. The Clerk is also directed to correct the spelling of Defendant Sing's last name to

"Sing" instead of "St. Ivs."

7. This Order terminates Docket Nos. 2, 3 and 4.

IT IS SO ORDERED.

Dated: August 6, 2020

_____
YVONNE GONZALEZ ROGERS
United States District Judge